UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
In Re:                                                          Bankruptcy Case No. 13-36708-(cgm)
                                                                Chapter 7
    NANCY CARPENTER

        Debtor
---------------------------------------------------X
ROBERT C. ROZELL,

        Plaintiff                                 Adversary No.: 13-09029

    -against-

NANCY L. CARPENTER.

        Defendant
---------------------------------------------------X

## REPLY TO SUMMARY JUDGMENT FILED BY DEFENDANT

### FACTS OF CASE AND PROCEDURAL HISTORY

Defendant's counsel has set forth a very fair and concise statement of facts of the case and the procedural history. Accordingly, Plaintiff concurs with those facts as set forth.

### ISSUE PRESENTED

Whether the obligation to return an engagement ring under NY Civil Rights Law § 80-b is a dischargeable debt in a chapter 7 proceeding.

### ARGUMENT

Defendant argues that Federal Rule of Civil Procedure (FRCP) 56 applies to this case and that consequently there is no genuine dispute as to any material [fact] and therefore the Defendant is entitled to summary judgment.

FRCP 56(a) provides:

> "(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

Plaintiff's summary judgment motion was denied because "malice was not plead and Plaintiff has not provided, and has provided no evidence of such. Plaintiff has failed to establish his burden of demonstrating that this debt is non-dischargeable and summary judgment is denied." See transcript of hearing on November 10, 2015 in adversary case no.: 13-09029, attached to Defendant's pleadings.

However, Plaintiff is free to plead and establish malice at trial and Defendant has not met her burden of proof showing there is no genuine dispute as to any material fact. Merely because Plaintiff could not establish sufficient facts to be successful in a summary judgment motion, does not mean that Plaintiff would not success at trial. Defendant would have to provide evidence that there was no malice, in order to succeed in this summary judgment in accordance with FRCP 56(a). Clearly, the relationship between Plaintiff and Defendant as has been set out in Defendant's deposition (attached to Defendant's Summary Judgement Motion as an exhibit) is, and was, one of acrimony and animosity which could result in a finding of malice.

The cases cited in Defendant's Memorandum of Law, while interesting, are all pre- NY Civil Rights Law § 80-b. *In Billitier v. Clark*  NY Slip Op 50758(U) (Decided on March 31, 2014 Supreme Court, Erie County Buscaglia, J.), the court said:

> "Prior to 1965, the law in New York State, referred to as the so called heart balm statute, prohibited a former fiancee from suing to recover property given in contemplation of marriage. This law was adopted primarily to prevent acrimonious lovers scorned from

suing each other based on alleged alienation of affections, criminal conversation, seduction and breach of contract to marry. The lawsuits were subject to grave abuses and caused financial damage and emotional injury to many persons who were innocent of any wrong doing and were merely the victims of circumstance, Brandes, Joel S. NY Law Journal October 27, 1998 P. 1, col. 3 vol. 220. New York Civil Rights Law § 80-b became law in 1965 permitting erstwhile fiancees to recover chattel given in contemplation of marriage regardless of fault if no marriage occurs."

There seems to be no dispute that under New York State law the defendant would be entitled to a return of the ring or monetary damages. Thus, the only real issue is whether or not 11 U.S.C. §523(4) or (6) applies to the given facts.

In denying Plaintiff's summary judgement motion, this Court explored section 523 (6) of the Bankruptcy Code finding that the Plaintiff did not establish malice sufficient for a summary judgment to be granted. This Court found that willful and malicious as separate elements would have to be established for Plaintiff to be granted summary judgment. While willfulness may have been established, this Court found that malice was not.

Defendant in order to be successful in her summary judgment motion must, by definition, proof the absence of malice, which Defendant has not done. Accordingly, there are triable facts and summary judgment should be denied to Defendant. This court in denying Plaintiff's summary judgement motion stated: "[t]he Court resolves all ambiguities and draws all permissible factual inference against the [moving party].

The 11th Circuit in *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329 (11th Cir., 2012) stated that

> "We have held that proof of "willfulness" requires " 'a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another.' " *In re Walker*, 48 F.3d 1161, 1163 (11th Cir.1995) (quoting *In re Ikner,* 883 F.2d 986, 991 (11th Cir.1989)). "[A] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *Id*. at 1165; see also *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (holding that § 523(a)(6) requires the actor to intend the injury, not just the act that leads to the injury). Recklessly or negligently inflicted injuries

are not excepted from discharge under § 523(a)(6). *Kawaauhau*, 523 U.S. at 64, 118 S.Ct. 974.

"Malicious" means " 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.' " *In re Walker*, 48 F.3d at 1164 (quoting In re Ikner, 883 F.2d at 991). To establish malice, "a showing of specific intent to harm another is not necessary." *In re Ikner*, 883 F.2d at 991."

Accordingly, while malicious is clearly not the same as willfulness, it contains some of the same components and can even be an act "in the absence of personal hatred, spite or ill-will. It is postulated that in the case at hand the act of selling the engagement ring for a fraction of its worth, was based on personal hatred, spite and ill-will. Defendant has failed to prove otherwise and accordingly; summary judgment should be dismissed since there are facts to be determined at trial.

As to Section 563(4), Plaintiff believes that at trial it could prove the elements of 563(4) and that it is a factual determination as to whether 563(4) would apply to the present case.

## CONCLUSION

Defendant's motion for summary judgment should be denied in that there are factual issues to be determined at trial.

Dated: Harrison, New York
May 3, 2016

/s/ H. Bruce Bronson
H. Bruce Bronson, Esq. (HB3263)
Attorney for the Plaintiff
480 Mamaroneck Ave.
Harrison, NY 10528